# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

RICHARD DAVIS and )
DEBORAH DAVIS, )
    Plaintiffs, )
)
v. ) CIVIL ACTION NO:
)   3:17-cv-01404
CAPITAL ONE BANK (USA), NATIONAL )
ASSOCIATION; CAPITAL ONE, N.A., )
)
    Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Capital One, N.A. ("Capital One"), gives notice of the removal of this action from the Circuit Court of Cabell County, West Virginia, where it was originally filed, to the United States District Court for the Southern District of West Virginia, Huntington Division. As grounds for the removal of this action, Capital One states as follows:

### I. BACKGROUND

1. Plaintiffs Richard Davis ("Mr. Davis") and Deborah Davis ("Mrs. Davis") (collectively, "Plaintiffs")commenced this action by filing a Complaint on February 16, 2016, in the Circuit Court of Cabell County, West Virginia, Case No. 16-C-112, naming Capital One Bank (USA), National Association as Defendant.

2. Plaintiffs filed a Motion to Amend their Complaint on or about December 29, 2016 and on or about January 5, 2017 the Circuit Court entered an order granting that motion. A true and correct copy of the entire state court file, including all pleadings, process, and orders served on Capital One, is attached to this Notice of Removal as "Exhibit 1."

3. In their Amended Complaint (henceforth "Complaint"), Plaintiffs allege that both Capital One Bank (USA), N.A. and Capital One violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), violated the West Virginia Computer Crime and Abuse Act, violated the West Virginia Computer Crime and Abuse Act, violated of the Telephone Harassment Statute, was negligent, intentionally inflicted emotional distress upon them, invaded their privacy, and violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing phone calls to them in an attempt to collect the debt allegedly owed by them on their credit card accounts. (*See* Ex. 2 (Compl. ¶¶ 15-50).)

4. Plaintiffs seek a myriad of relief, including: actual damages; statutory damages pursuant to W. VA. CODE § 46A-5-101(1) as adjusted for inflation pursuant to § 46A-5-106; Plaintiffs' cost of litigation, including attorneys' fees, pursuant to § 46A-5-104; statutory and treble damages, pursuant to 47 U.S.C. § 227; general compensatory and punitive damages; and other relief as deemed proper by the court. (*See* Ex. 2 (Compl., Demand for Relief).)

5. Capital One denies the allegations in the Complaint, that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming that Plaintiffs' claims are valid for jurisdictional purposes only, Plaintiffs could have originally filed their Complaint in this Court because it raises a federal question and the remaining state law claims are inextricably intertwined.

6. Accordingly, removal of this entire case is therefore proper under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

## II. FEDERAL QUESTION JURISDICTION

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal

jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims under the TCPA which is a federal statute. (*See* Ex. 2 Compl., ¶¶ 43–50).

9. As a result, Plaintiffs' TCPA claim arises under the laws of the United States and could have been originally filed in this Court. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that the Eleventh Circuit Court of Appeals erred in dismissing Plaintiff's TCPA claims for lack of subject matter jurisdiction because Federal courts have § 1331 jurisdiction over claims that arise under federal law and the Plaintiff's TCPA claims arise under federal law); *see also Bailey v. SLM Corp.*, No. 5:11-CV-00715, 2012 WL 1598059, at *5 (S.D.W. Va. May 7, 2012) ("[T]his Court finds that Defendants' removal is proper, in its invocation of federal question jurisdiction, pursuant to 28 USC § 1331, over Plaintiff's TCPA clam [sic]. Inasmuch as this Court finds that it has federal-question jurisdiction over Plaintiff's TCPA claim, this Court need not consider the parties' arguments concerning diversity jurisdiction.").

10. Consequently, this action is removable because the face of the Complaint shows that Plaintiffs raise a federal question. *See Caterpillar*, 482 U.S. at 392.

### III. SUPPLEMENTAL JURISDICTION

11. This Court can also exercise supplemental jurisdiction over Plaintiffs' state law claims because these claims form part of the same case or controversy as Plaintiffs' alleged TCPA violations.

12. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

13. In the instant case, Plaintiffs' state law claims are related to the same alleged conduct that forms the basis for Plaintiffs' TCPA claims. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

14. In the instant case, Plaintiffs' state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiffs' demand for relief under the TCPA, and arise from the same transactions or occurrences as the Plaintiffs' federal question claim(s). *See* 28 U.S.C. § 1367(c). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process;

(4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under W. Va. R. Civ. P. 8 and 12 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17. No prior application has been made for the relief requested herein.

18. Plaintiffs initially filed this action on February 16, 2016, however, the original complaint did not contain any federal claims and was only asserted against Capital One Bank (USA), National Association.

19. On or about December 29, 2016, Plaintiffs filed their Motion to Amend their Complaint to add a TCPA claim and add Capital One, N.A. as a defendant, and that motion was granted on or about January 5, 2017.

20. Capital One, N.A. received service of the Summons and Amended Complaint on February 2, 2017 through the Office of the Secretary of State of West Virginia. Accordingly this notice of removal was timely filed as set forth in 28 U.S.C. § 1446(b).

21. Defendant, Capital One Bank (USA), N.A. consents to this removal. Written consent to the removal from Capital One Bank (USA), N.A. is attached hereto as "Exhibit 2."

22. The United States District Court for the Southern District of West Virginia, Huntington Division, embraces the place where this action was pending in State Court.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy of this Notice of Removal, along with a Notice of Filing

Notice of Removal, will be filed with the Clerk of the Circuit Court of Cabell County, West Virginia.

24. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

25. In the event that remand is sought by Plaintiffs or otherwise visited by this Court, Capital One respectfully requests that this Court allow it an opportunity to further brief this matter and submit additional evidence and/or argument in support of this removal.

Dated: February 27, 2017.

Respectfully submitted,

*/s/ Reid S. Manley*
Reid S. Manley (WV Bar No. 9598)
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Tel: (205) 458-5439
Fax: (205) 244-5675

**ATTORNEY FOR DEFENDANT CAPITAL ONE, N.A.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of February, 2017, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the cm/ecf system, and that I caused a copy of the foregoing to be served first class U.S. Mail, postage prepaid as designated below:

Benjamin Sheridan
Mitchell Lee Klein
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, West Virginia 25526

                                                                  */s/ Reid S. Manley*
                                                                  Reid S. Manley (WV Bar No. 9598)
                                                                  BURR & FORMAN LLP
                                                                  420 20th Street North, Suite 3400
                                                                  Birmingham, Alabama 35203
                                                                  Tel: (205) 458-5439
                                                                  Fax: (205) 244-5675