# Exhibit 1



## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, _CABELL_ 37 _____ County, West Virginia

**I. CASE STYLE:**

**Plaintiff(s)**

Richard & Deborah Davis c/o Klein & Sheridan

3566 Teays Valley Road

Hurricane, WV 25526

**vs.**

**Defendant(s)** Capital One Bank (USA), N.A.

4851 Cox Road

Glen Allen, VA 23060

Street

City, State, Zip

Case # _16 - C - 112_

Judge: _____ /s/PAUL T. FARRELL_

| | Days to Answer | Type of Service |
|---|---|---|
| | 30 | SOS |
| | | |
| Street | | |
| City, State, Zip | 30 | SOS |
| | | |
| Street | | |
| City, State, Zip | 30 | SOS |
| | | |
| Street | | |
| City, State, Zip | 30 | SOS |

Original and _____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: Richard & Deborah Davis | CASE NUMBER: |
|---|---|
| DEFENDANT: Capital One Bank (USA), N.A. | |

II. TYPE OF CASE:

☑ General Civil

☐ Mass Litigation
(As defined in T.C.R. Rule XIX (c)

    ☐ Asbestos
    ☐ Carpal Tunnel Syndrome
    ☐ Diet Drugs
    ☐ Environmental
    ☐ Industrial Hearing Loss
    ☐ Silicone Implants
    ☐ Other: _____

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

☐ Adoption

☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): _____/_____

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES
☑ NO
    IF YES, PLEASE SPECIFY:

    ☐ Wheelchair accessible hearing room and other facilities
    ☐ Interpreter or other auxiliary aid for the hearing impaired
    ☐ Reader or other auxiliary aid for the visually impaired
    ☐ Spokesperson or other auxiliary aid for the speech impaired
    ☐ Other: _____

Attorney Name: Benjamin M. Sheridan

Firm: KLEIN & SHERIDAN, LC

Address: 3566 Teays Valley Road Hurricane, WV 25177

Telephone: 304-562-7111

Dated: 2-11-16

**Representing:**

☑ Plaintiff ☐ Defendant

☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

Richard & Deborah Davis
      Plaintiff,

vs.                                                  Case No. /6-C-//2

Capital One Bank (USA), National Association          /s/PAUL T. FARRELL
      Defendant.

## COMPLAINT

1.  The Plaintiffs, Richard & Deborah Davis, is a resident of West Virginia.

2.  The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia

    Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies

    set forth in Article 5 of the WVCCPA.

3.  The Defendant, Capital One Bank (USA), National Association, is a corporation having

    its principal offices in a state other than West Virginia and which does business in West

    Virginia.

4.  The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d)

    engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-

    2-122(c) within the State of West Virginia, including CABELL County, West Virginia.

5.  After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendant,

    upon their account with Capital One Bank (USA), National Association, the Defendant

    began to engage in collection of such indebtedness through the use of telephone calls

    placed to Plaintiffs, by written communications and did otherwise communicate with

    Plaintiffs to collect the alleged debt.

6.  The Plaintiffs retained the undersigned counsel to represent Plaintiffs interest in

1

connection with consumer indebtedness on which Plaintiffs had become in arrears.

7.  Thereafter, the Plaintiffs mailed a letter to the Defendant advising the Defendant they had retained an attorney, and providing the Defendant with the name, address, and telephone number of their attorney.

8.  Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiffs.

9.  The Defendant maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

10. Such records will reflect that the Defendant placed telephone calls to the Plaintiffs residential telephone number after it appeared that Plaintiffs were represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

11. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

12. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

  a.  engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendant stop calling the Plaintiff in

2

violation of *West Virginia Code* §46A-2-125;

    b.  causing Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125(d);

    c.  using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128(e) by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

    d.  failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs indebtedness in violation of *West Virginia Code* §46A-2-127(a) and (c).

13. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

14. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

15. The Plaintiffs are "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiffs are "natural persons."

16. The Defendant, Capital One Bank (USA), National Association, is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

3

24. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

25. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

26. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

27. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

28. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

29. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

   a. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiffs were represented by an attorney in gross violation of the WVCCPA;

   b. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of,

17. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* §61-3C-14a(a)(2).

18. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

19. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

20. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

21. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

22. The Defendant made or caused to be made telephone calls to the Plaintiffs causing Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* §61-8-16(a)(3).

23. The Plaintiffs were injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiffs were injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

4

inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c.   Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d.   Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

e.   Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

f.   Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

30. As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

31. As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and

distress.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

32. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

33. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs home.

34. The acts of the Defendant in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

35. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

36. As a result of the Defendant's action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiffs demand from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in

7

Count II of the Complaint;

e. The Plaintiffs be granted general damages and punitive damages for Defendant's conduct

alleged in Count II, III, IV, and V;

f. Such other relief as the Court shall deem just and proper under the attendant

circumstances.

**PLAINTIFF HAS ATTACHED A STIPULATION PERTAINING TO
DAMAGES.  PLAINTIFF HAS CAPPED DAMAGES AT $75,000 OR
LESS, INCLUDING COSTS AND ATTORNEY'S FEES.**

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

RICHARD & DEBORAH DAVIS

BY COUNSEL

BY:

Benjamin Sheridan (# 11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115

Mitchell Lee Klein (# 2071)
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, West Virginia 25526
Phone: (304) 562-7111
Fax: (304) 562-7115

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**Richard & Deborah Davis**
**Plaintiff,**

**COPY**

**vs.**

Case No. *16 - C - 112*

/s/PAUL T. FARRELL

**Capital One Bank (USA), National Association**
**Defendant.**

## SUMMONS

To the above-named DEFENDANT:          Capital One Bank (USA), National Association
4851 Cox Road
Glen Allen, VA 23060

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are

required to serve upon **Benjamin Sheridan, Plaintiff's attorney**, whose address is: **Klein &**

**Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any

related counterclaim, or any other claim you may have to the complaint filed against you in the

above-styled civil action, a true copy of which is herewith delivered to you. You are required to

serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of

the date of service. If discovery is attached, you are further required to file a response to attached

discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

DATED: ~~FEB 16 2016~~ _____, 2016

☐ Service - Certified (RD)
☐ Service - Sheriff
☐ Returned to Atty. for Service
☒ Returned to Pltf. for Service
☒ *505*



Number: 0257085                                    February 16, 2016

Received of    KLEIN, SHERIDAN & GLAZER, LC                        $5.00


The exact sum of Five Dollars and No Cents

For......... CLERK FEES
Payment type: CHECK          Check # 015576
Case number.: 16-C-112
Plaintiff...: RICHARD & DEBORAH DAVIS C/O KLEIN SHERIDAN & GLAZER, LC
Defendant...: CAPITAL ONE (USA), N.A.

Transaction conducted at:          JEFFREY E. HOOD
CABELL COUNTY COURTHOUSE
HUNTINGTON WV
                                   Deputy _____
                                              GV

Distribution to Accounts...
1001 CLERKS FEES                5.00

NUMBER: 257083                                          February 16, 2016

Received of KLEIN SHERIDAN & GLAZER, LC                            $200.00

The exact sum of Two Hundred Dollars and No Cents


Plaintiff:  RICHARD & DEBORAH DAVIS C/O KLEIN SHERIDAN & GLAZER, LC
Defendant:  CAPITAL ONE (USA), N.A.

Payment type: Check            Check#  015576

Case number:  16-C-112              Div:  4

Transaction conducted at:           JEFFREY E. HOOD


HUNTINGTON WV                   Deputy _____
                                              GV


DISTRIBUTION OF FUNDS...
 1001 CLERKS FEES               20.00    2025 D V LEGAL SERVICES F    20.00
 2003 REGIONAL JAIL AUTHOR      60.00    2006 COURT SECURITY FUND      5.00
 2024 COURTHOUSE FACILITIE      30.00    2026 RJA PARTIAL REIMBURS    20.00
 4004 FUND-LOW INCOME PERS      45.00

FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2016 FEB 12  AM 9: 37

**Richard & Deborah Davis,**
**PLAINTIFF,**

**CIVIL ACTION NO.** 16-C-112

/s/PAUL T. FARRELL

**Capital One Bank (USA), National Association,**
**DEFENDANT.**

## NOTICE OF VIDEO DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE

PLEASE TAKE NOTICE that pursuant to Rule 30 of the West Virginia Rules of Civil Procedure, Richard & Deborah Davis, will take the video deposition of Defendant's corporate representative by telephone at the Defendant's corporate headquarters on a date and time to be agreed upon.

This deposition will be taken upon oral examination before an officer authorized to administer the appropriate oath, and will continue form day to day until completed. This deposition will be received by video, sound and stenographic means and will be used for all purposes authorized by law.

The corporate representative will testify to:

- Defendant's, policies and procedures on collections in West Virginia during the four years prior to the filing of this civil action;

- training of collections staff for debt collection in West Virginia during the four years prior to the filing of this civil action;

- debt collection techniques and systems, including computer systems used for debt collection in West Virginia used in the four years prior to the filing of this civil action;

- compliance with West Virginia and national debt collection laws as they were used in

West Virginia debt collection in the four years prior to the filing of this civil action;

- knowledge of past litigation in West Virginia over the four years prior to the filing of this civil action involving debt collection abuse allegations; and

- the facts and substance of the case as they relate to the Defendant and as they are articulated in the complaint.

**Richard & Deborah Davis**
**By Counsel**

BY: _____

Benjamin Sheridan (WV Bar #11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV  25526
(304) 562-7111

IN THE CIRCUIT COURT OF **Cabell**   COUNTY, WEST VIRGINIA

PLAINTIFF,

CIVIL ACTION NO. *16 - C - 112*

DEFENDANT.                    **/s/PAUL T. FARRELL**

### STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

_____
                                   Plaintiff

_____
                                   Plaintiff

_____
Benjamin Sheridan (WV Bar #11296)
*Counsel for Plaintiff*

STATE OF WEST VIRGINIA,
COUNTY OF Putnam , TO WIT:

The foregoing instrument was acknowledged before the undersigned authority by

Lindsay Morris on this the 8 day of February , 20 16

_____
                                   NOTARY PUBLIC
                                   10/15/20

OFFICIAL SEAL
Lindsay Ms Morris
Notary Public
State of West Virginia
My Commission Expires
October 15, 2020
3566 Teays Valley Road
Hurricane, WV 25526

Page 1 of 1

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

38

**Richard & Deborah Davis**
    **Plaintiff,**

**vs.**
                                         Case No. *16-C-112*

**Capital One Bank (USA), National Association**
    **Defendant.**
                                      **/s/PAUL T. FARRELL**

## CERTIFICATE OF SERVICE

      I, Benjamin Sheridan, attorney for the Plaintiff, certify that I served a true copy of the foregoing **Complaint, Summons, Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and Stipulation** on the Defendant listed at the address(s) below by CABELL county clerk via the West Virginia Sectary of State as agent for service of process of an out-of-state corporation at the Defendant's address as listed below on this *11th* day of *February*, 2016.

Capital One Bank (USA), National Association
4851 Cox Road
Glen Allen, VA  23060

BY: _____
Benjamin Sheridan (# 11296)
Counsel for Plaintiff
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2016 FEB 26  AM 9: 14

CLERK



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Jeffrey E. Hood
Cabell County Courthouse
P. O. Box 545
Huntington, WV 25710-0545

Control Number: 92249

Defendant: CAPITOL ONE BANK (USA),
NATIONAL ASSOCIATION
4851 COX ROAD
GLEN ALLEN, VA 23060 US

County: Cabell

Civil Action: 16-C-112

Certified Number: 92148901125134100000978180

Service Date: 2/19/2016

I am enclosing:

**1 notice, 1 interrogatories, 1 stipulation, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

FILED

RICHARD & DEBORAH DAVIS,

2016 MAY 25  AM 10: 03

      Plaintiff,

J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

v.

Civil Action No.: 16-C-H2

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,

      Defendant,

### NOTICE OF APPEARANCE

    Reid S. Manley of the law firm Burr & Forman LLP hereby files this Notice of Appearance as counsel of record for the defendant, Capital One Bank (USA), N.A., identified in the Complaint as Capital One Bank (USA), National Association.  Undersigned requests that a copy of all future pleadings, correspondence, orders and notices be provided to him at the address below.

                               Reid S. Manley (WVa Bar#: 9598)

                               Attorney for Defendant,
                               Capital One Bank (USA), N.A.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 458-5439
Facsimile:  (205) 458-5100
rmanley@burr.com

27558882 v1

FILED

## CERTIFICATE OF SERVICE

2016 MAY 25  AM 10: 03

I hereby certify that a copy of the foregoing Notice of Appearance has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 24th day of May, 2016:

J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

Benjamin Sheridan
Mitchell Lee Klein
Klein and Sheridan LC
3566 Teays Valley Rd
Hurricane, WV 25526

_____
OF COUNSEL

FILED

2016 MAY 25  AM 11: 53

J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**RICHARD & DEBORAH DAVIS,**
      **Plaintiff,**

v.                                                              **Civil Action No.: 16-C-112**

**CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,**
      **Defendant,**

<u>**PROTECTIVE ORDER**</u>

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the judge. It is hereby ORDERED as follows:

1.   If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "CONFIDENTIAL."

2.   If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the disputes between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

3.   No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

27557948 v1

4.  Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, at any discovery deposition taken in this action.

5.  If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (*e.g.*, expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

A.  Provide a copy of this Protective Order to the person to whom disclosure is made;

B.  Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

C.  Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

6.  If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden

of persuasion that the document or material should be withheld from the public record in accordance with controlling precedent.

The Clerk is directed to mail true copies of this Order upon entry to Benjamin M. Sheridan and Mitchell Lee Klein of Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, West Virginia 25526; and Reid S. Manley of Burr & Forman, LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203.

ENTERED this _25_ day of ___May___, 2016.

_____
JUDGE

**Submitted and Agreed to By:**

_____
Benjamin M. Sheridan *(W.Va. Bar #11296)*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
Telephone: (304) 562-7111
*Counsel for Plaintiff*

_____
Reid S. Manley *(W Va Bar#: 9598)*
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 458-5439
*Counsel for Defendant*

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**RICHARD & DEBORAH DAVIS,**

       **Plaintiffs,**

v.                                 **Civil Action No.: 16-C-112**

**CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,**

       **Defendant.**

## ANSWER AND DEFENSES OF DEFENDANT
## CAPITAL ONE BANK (USA), N.A. TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Capital One Bank (USA), N.A. ("Capital One") and files its Answer and Defenses to Plaintiffs Richard Davis and Deborah Davis ("Plaintiffs") Complaint, stating as follows:

### ANSWER

In answering the Complaint, Capital One denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Capital One responds as follows:

1.     Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

2.     Capital One states that the allegations in Paragraph 2 state a legal conclusion to which no response is required. To the extent that a response is required, Capital One states that the applicable statutes speak for themselves, and denies any inconsistent allegations. Capital One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

28432643 v1

3.      Capital One states that Capital One Bank (USA), N.A. is a national banking association with its principal place of business in Virginia. Capital One also admits that it does business in various locations throughout the United States, including West Virginia. To the extent the allegations contained in Paragraph 3 of the Complaint are intended to stand for additional propositions, Capital One denies the same and demands strict proof thereof.

4.      Capital One states that the allegations in Paragraph 4 state a legal conclusion to which no response is required. Capital One also states that W. Va. Code §§ 46A-2-122(d) and 46A-2-122(c) speak for themselves and are the best evidence thereof and, therefore, no response is required. To the extent the allegations contained in Paragraph 4 are intended to stand for any additional or inconsistent propositions, Capital One denies the same and demands strict proof thereof.

5.      Capital One admits that Plaintiffs became in arrears on their credit card account(s) ending in -1928 and -2671 with Capital One. As to any other alleged accounts and/or remaining or inconsistent allegations contained in Paragraph 5, Capital One is without knowledge or information sufficient to form a belief as to the truth of any such additional or inconsistent allegations in Paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6.      Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7.      Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8.  Capital One denies the allegations in Paragraph 8 and demands strict proof thereof.

9.  Capital One admits that it maintains records of calls made to Plaintiffs regarding their Capital One accounts ending in -1928 and -2671 and that the records speak for themselves. To the extent the allegations contained in Paragraph 9 are intended to stand for additional propositions, Capital One denies the same and demands strict proof thereof.

10.  Capital One denies the allegations in Paragraph 10 and demands strict proof thereof.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

11.  Capital One incorporates its responses and defenses to Paragraphs 1-10 of the Complaint as if fully set forth herein.

12.  Capital One denies the allegations in Paragraph 12, including subparts (a) through (d), and demands strict proof thereof.

13.  Capital One denies the allegations in Paragraph 13 and demands strict proof thereof.

## COUNT II

### *VIOLATION OF THE WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

14.  Capital One incorporates its responses and defenses to Paragraphs 1-13 of the Complaint as if fully set forth herein.

15.  Capital One states that the allegations in Paragraph 15 state a legal conclusion to which no response is required. Capital One also states that W. Va. Code § 61-3C-3(n) speaks for itself and is the best evidence thereof and, therefore, no response is required. To the extent the

28432643 v1                                      3

allegations contained in Paragraph 15 are intended to stand for any additional propositions, Capital One denies the same and demands strict proof thereof.

16.     Capital One states that the allegations in Paragraph 16 state a legal conclusion to which no response is required. Capital One also states that W. Va. Code § 61-3C-3(n) speaks for itself and is the best evidence thereof and, therefore, no response is required. To the extent the allegations contained in Paragraph 16 are intended to stand for any additional propositions, Capital One denies the same and demands strict proof thereof.

17.     Capital One denies the allegations in Paragraph 17 and demands strict proof thereof.

18.     Capital One denies the allegations in Paragraph 18 and demands strict proof thereof.

19.     Capital One admits that Plaintiffs purports to seek compensatory and punitive damages under West Virginia Code § 61-3C-16(a), but denies that Plaintiffs are entitled to such damages from Capital One and demands strict proof thereof.

20.     Capital One denies the allegations in Paragraph 20 and demands strict proof thereof.

**COUNT III**

*VIOLATION OF TELEPHONE HARASSMENT STATUTE*

21.     Capital One incorporates its responses and defenses to Paragraphs 1-20 of the Complaint as if fully set forth herein.

22.     Capital One denies the allegations in Paragraph 22 and demands strict proof thereof.

23.     Capital One denies the allegations in Paragraph 23 and demands strict proof thereof.

28432643 v1                                                   4

24.   Capital One denies the allegations in Paragraph 24 and demands strict proof thereof.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

25.   Capital One incorporates its responses and defenses to Paragraphs 1-24 of the Complaint as if fully set forth herein.

26.   Capital One denies the allegations in Paragraph 26 and demands strict proof thereof.

27.   Capital One denies the allegations in Paragraph 27 and demands strict proof thereof.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

28.   Capital One incorporates its responses and defenses to Paragraphs 1-27 of the Complaint as if fully set forth herein.

29.   Capital One denies the allegations in Paragraph 29, including subparts (a) through (f), and demands strict proof thereof.

30.   Capital One denies the allegations in Paragraph 30 and demands strict proof thereof.

31.   Capital One denies the allegations in Paragraph 31 and demands strict proof thereof.

28432643 v1                                                 5

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

32.     Capital One incorporates its responses and defenses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

33.     Capital One states that the allegations in Paragraph 33 state a legal conclusion to which no response is required. To the extent a response is required, Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore, denies the same and demands strict proof thereof.

34.     Capital One denies the allegations in Paragraph 34 and demands strict proof thereof.

35.     Capital One denies the allegations in Paragraph 35 and demands strict proof thereof.

36.     Capital One denies the allegations in Paragraph 36 and demands strict proof thereof.

### DEMAND FOR RELIEF

37.     Capital One denies that Plaintiffs are entitled to any of the relief set forth in the Demand For Relief following Paragraph 36 of the Complaint, including the relief sought in subparagraphs (a) through (f).

38.     Capital One reserves the right to amend and supplement its Answer or assert additional responses and bring such other claims by way of counterclaim, or third-party claim or demand, as may be appropriate as additional facts become known.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Capital One pleads the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim against Capital One upon which relief can be granted.

### SECOND DEFENSE

To the extent found applicable through discovery, Plaintiffs failed to mitigate their damages, if any.

### THIRD DEFENSE

Capital One asserts and relies upon the terms and provisions of any cardholder agreement(s) between Capital One and Plaintiffs.

### FOURTH DEFENSE

Capital One is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat Plaintiffs' recovery.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of recoupment.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable theories of estoppel, waiver, and laches.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by their own breaches of the cardholder agreement between Capital One and Plaintiffs.

## NINTH DEFENSE

To the extent found applicable through discovery, Plaintiffs' damages, if any, were caused by their own acts or omissions, or the acts or omissions of third parties other than Capital One for which Capital One is not independently liable.

## TENTH DEFENSE

Capital One affirmatively asserts that it has complied with all requirements of West Virginia law in its relationship and dealings with Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs failed to comply with all applicable conditions precedent to assert some or all of the claims in the Complaint or for recovery under those claims.

## TWELFTH DEFENSE

At all times, Capital One acted in good faith and without negligence, malice, willfulness, or intent to injure.

## THIRTEENTH DEFENSE

Plaintiffs' claims and causes of action against Capital One are barred because at all times, Capital One acted in good faith in conformity with all rules, regulations and interpretations of law relevant to Plaintiffs' claims.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to any of the damages they seek, including damages, interest, attorneys' fees, and costs.

## FIFTEENTH DEFENSE

Plaintiffs have not sustained any actual damages.

## SIXTEENTH DEFENSE

Plaintiffs' claim(s) for punitive damages violate, and therefore are barred by, the Fifth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds, separately and severally:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required by the Constitution in criminal case;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts; and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth Amendment and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and

(g)    An award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law as required under the Fifth and Fourteenth Amendments of the United States Constitution.

### SEVENTEENTH DEFENSE

Plaintiffs' claim(s) for punitive damages violate, and are therefore barred by, the provisions of the Constitution of the State of West Virginia, including but not limited to, Article III, Sections 4, 5, 6, and 10, on grounds including the following:

(a)    It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal case;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Capital One;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of any such award of punitive damages;

(d)    The procedures pursuant to which punitive damages are awarded result in the

28432643 v1                                            10

imposition of different penalties for the same or similar acts;

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(f)     An award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

(g)     The procedures pursuant to which punitive damages are awarded would permit the imposition of an excessive fine and penalty.

## EIGHTEENTH DEFENSE

Capital One reserves the right to assert additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Capital One prays that:

(1)     Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs; and

(2)     That Capital One recovers from Plaintiffs its expenses of litigation, including attorneys' fees.


Respectfully submitted this ___ day of November, 2016.


Reid S. Manley (WV Bar No. 9598)
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Tel:  (205) 458-5439
Fax:  (205) 244-5675

Attorney for Capital One Bank (USA), N.A.

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**RICHARD & DEBORAH DAVIS,**

        Plaintiffs,

v.

                              **Civil Action No.: 16-C-112**

**CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,**

        Defendant.

## CERTIFICATE OF SERVICE

    I, Reid S. Manley, counsel for Defendant Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT CAPITAL ONE BANK (USA), N.A. TO PLAINTIFFS' COMPLAINT** has been served upon counsel of record via regular U.S. Mail, this _8_th day of _Nov._, 2016, and addressed to the following:

                Benjamin Sheridan
                Mitchell Lee Klein
                KLEIN & SHERIDAN LC
                3566 Teays Valley Road
                Hurricane, WV 25526

                Reid S. Manley (WV Bar No. 9598)

FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2016 NOV 15 AM 9: 58

**RICHARD & DEBORAH DAVIS,**

        Plaintiffs,

v.

                                      Civil Action No.: 16-C-112

**CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,**

        Defendant.

## CERTIFICATE OF SERVICE

    I, Reid S. Manley, counsel for Defendant Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **CAPITAL ONE BANK (USA), N.A.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** has been served upon counsel of record via regular U.S. Mail, this 14 day of November, 2016, and addressed to the following:

                    Benjamin Sheridan
                    Mitchell Lee Klein
                    KLEIN & SHERIDAN LC
                    3566 Teays Valley Road
                    Hurricane, WV 25526

                                  Reid S. Manley (WV Bar No. 9598)

28402215 v1

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

RICHARD & DEBORAH DAVIS,                                    2016 NOV 15 AM 9: 58

        Plaintiffs,

v.                                                          Civil Action No.: 16-C-112

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,

        Defendant.

## CERTIFICATE OF SERVICE

    I, Reid S. Manley, counsel for Defendant Capital One Bank (USA), N.A., do hereby

certify that a true and exact copy of the foregoing **CAPITAL ONE BANK (USA), N.A.'S**

**RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF**

**DOCUMENTS** has been served upon counsel of record via regular U.S. Mail, this ___ day of

_____, 2016, and addressed to the following:

                Benjamin Sheridan
                Mitchell Lee Klein
                KLEIN & SHERIDAN LC
                3566 Teays Valley Road
                Hurricane, WV 25526

                        _____
                        Reid S. Manley (WV Bar No. 9598)

# FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2016 DEC 30  AM 10: 27

**Richard & Deborah Davis,**
**PLAINTIFFS,**        J.E.HOOD
CIRCUIT COURT
CABELL CO. WV
**CIVIL ACTION NO. 16-C-112**

**Capital One Bank (USA), National Association,**
**DEFENDANT.**

## PLAINTIFFS' MOTION TO AMEND COMPLAINT

Comes now the Plaintiffs, Richard and Deborah Davis, and moves this honorable Court for leave to amend Plaintiffs' complaint.  Discovery has revealed that there are in fact two companies which both D.B.A. Capital One, specifically, Capital One Bank (USA), National Association, and Capital One, National Association.  Nothing is done by the bank to distinguish the two banks form each other as they both completely do business under the trade name of simple "Capital One."  As such, this case involves both versions of Capital One, but Plaintiffs were unaware that there were multiple sister companies that did business under the Capital One trade name.  As such, it has become necessary to amend the complaint to amend in the sister company, Capital One, National Association in order to properly prosecute this case. Plaintiff has attached a draft amended complaint draft as Exhibit 1 which adds the appropriate sister company, Capital One, National Association.

WHEREFORE Plaintiff respectfully requests leave to amend and such further relief as the court deems just, equitable and in the fair administration of justice.

**Richard and Deborah Davis**
**BY COUNSEL**

BY:

Benjamin Sheridan (#11296)

Daniel K. Armstrong (#11520)
*Counsel for Plaintiffs*
Klein and Sheridan LC
3566 Teays Valley Rd
Hurricane, WV  25526
(304) 562-7111

# FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2016 DEC 30   AM 10: 27

**Richard & Deborah Davis,**
    **PLAINTIFFS,**

J.E. HOOD
CIRCUIT COURT
CABELL CO WV
      **CIVIL ACTION NO. 16-C-112**

**Capital One Bank (USA), National Association,**
    **DEFENDANT.**

## PLAINTIFFS' MOTION TO AMEND COMPLAINT

  Comes now the Plaintiffs, Richard and Deborah Davis, and moves this honorable Court for leave to amend Plaintiffs' complaint. Discovery has revealed that there are in fact two companies which both D.B.A. Capital One, specifically, Capital One Bank (USA), National Association, and Capital One, National Association. Nothing is done by the bank to distinguish the two banks form each other as they both completely do business under the trade name of simple "Capital One." As such, this case involves both versions of Capital One, but Plaintiffs were unaware that there were multiple sister companies that did business under the Capital One trade name. As such, it has become necessary to amend the complaint to amend in the sister company, Capital One, National Association in order to properly prosecute this case. Plaintiff has attached a draft amended complaint draft as Exhibit 1 which adds the appropriate sister company, Capital One, National Association.

  WHEREFORE Plaintiff respectfully requests leave to amend and such further relief as the court deems just, equitable and in the fair administration of justice.

           **Richard and Deborah Davis**
           **BY COUNSEL**

BY: _____

  Benjamin Sheridan (#11296)

Daniel K. Armstrong (#11520)
*Counsel for Plaintiffs*
Klein and Sheridan LC
3566 Teays Valley Rd
Hurricane, WV  25526
(304) 562-7111

# FILED

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

Richard & Deborah Davis
    Plaintiff,

J.E.HOOD
CIRCUIT COURT
CABELL CO.

vs.

Case No. 16-C-112

Capital One Bank (USA), N.A., D.B.A. Capital One
D.B.A. Capital One, N.A., D.B.A. Capital One,
    Defendants.

### COMPLAINT

1. The Plaintiffs, Richard & Deborah Davis, are residents of West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendants, Capital One, N.A. and Capital One Bank (USA), N.A. both D.B.A. as simply, "Capital One," are corporations having their principal offices in a state other than West Virginia and which do business in West Virginia.

4. The Defendants Capital One, N.A. and Capital One Bank (USA), N.A. both with the public and in their interactions with the Plaintiffs do business as just "Capital One" and represent themselves as just Capital One on their website, mailings, and other documentation to both the public and consumers.

5. The Defendants hereinafter are collectively referred to by the name of their joint venture, "Capital One" or simply as "Defendants."

6. The Defendants are debt collectors as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Wayne County, West Virginia.

EXHIBIT 1

7. After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendants, upon their account with Capital One, the Defendants began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

8. The Plaintiffs retained the undersigned counsel to represent Plaintiffs interest in connection with consumer indebtedness on which Plaintiffs had become in arrears.

9. Thereafter, the Plaintiffs mailed a letter to Capital One advising it that they had retained an attorney, and providing Capital One with the name, address, and telephone number of their attorney.

10. In the letter the Plaintiffs mailed Capital One, the Plaintiffs requested the Defendants stop calling the Plaintiffs and provided Capital One with the Plaintiffs' telephone numbers so the Defendants knew which numbers to stop calling.

11. The Plaintiff, in the letter, removed Capital One's authorization to call the Plaintiff.

12. Thereafter, Defendants continued to cause telephone calls to be placed to the Plaintiffs.

13. The Defendants maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendants' employee and notes or codes placed upon such record by the Defendants' employee.

14. Such records will reflect that the Defendants placed telephone calls to the Plaintiffs residential telephone number after it appeared that Plaintiffs were represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

COUNT I

EXHIBIT 1

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

15. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

16. The Defendants has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a.   engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendants stop calling the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    b.   causing Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125;

    c.   using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128 by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

    d.   failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs indebtedness in violation of *West Virginia Code* §46A-2-127.

17. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

EXHIBIT 1

18. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

19. The Plaintiffs are "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiffs are "natural persons."

20. The Defendants, Capital One Bank, NA, is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendants are a "limited partnership, trust association or corporation."

21. The Defendants, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* §61-3C-14a(a)(2).

22. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

23. The Defendants' actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

24. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

25. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### COUNT III

#### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

26. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

EXHIBIT 1

27. The Defendants made or caused to be made telephone calls to the Plaintiffs causing Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* §61-8-16(a)(3).

28. The Plaintiffs were injured by Defendants' violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiffs were injured by Defendants' violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

29. The Defendants' actions violated West Virginia Consumer Credit and Protection Act Chapter 46A as described in Count I above and therefore violate this statute as well.

30. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### COUNT IV

#### *COMMON LAW NEGLIGENCE*

31. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

32. Defendants negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

33. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT V

EXHIBIT 1

*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

34. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

35. The following conduct of Defendants was atrocious, intolerable and extreme so as to exceed the bounds of decency:

   a. Defendants placed telephone calls to Plaintiffs after Defendants knew that Plaintiffs were represented by an attorney in gross violation of the WVCCPA;

   b. Defendants has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendants;

   c. Insofar as Defendants' violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

   d. Insofar as Defendants' conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

   e. Insofar as Defendants' conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

**EXHIBIT 1**

    f.  Insofar as Defendants' conduct constituted knowingly allowing a phone under

        Defendants' control to be used to harass any person, such conduct is criminal

        conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or

        imprisonment.

36. As a result of the Defendants' actions, the Plaintiffs have suffered emotional distress.

37. As a result of the Defendants' actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

38. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

39. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs home.

40. The acts of the Defendants in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

41. As a result of the Defendants' actions, the Plaintiffs suffered emotional distress.

42. As a result of the Defendants' action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

43. The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

EXHIBIT 1

44. The Defendants used a predictive or otherwise automated dialer system to call the Plaintiffs.

45. The predictive dialer system resulted numerus calls being placed by the Defendants to the Plaintiffs' cell phones.

46. The Plaintiffs removed any consent that may have existed to call the Plaintiffs' cell phone by the act of Plaintiffs sending the Defendants a letter asking the Defendants to stop calling Plaintiffs.

47. Plaintiffs provided the Defendants with Plaintiffs' cell phone number in the letter so Defendants could identify specifically all numbers Defendants may no longer call.

48. As a result of the Defendants' actions, Defendants has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

    a. Making calls to the Plaintiffs' cellular telephone by means of an automatic dialing system.

49. The Defendants' violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiffs repeatedly removed his consent to call his cell phone, and the Defendants ignored him.

50. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiffs demand from the Defendants:

EXHIBIT 1

a.  Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b.  Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c.  Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d.  The Plaintiffs be awarded general damages for the Defendants' negligence as alleged in Count II of the Complaint;

e.  $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f.  $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g.  The Plaintiffs be granted general damages and punitive damages for Defendants' conduct alleged in Count II, III, IV, and V;

h.  Such other relief as the Court shall deem just and proper under the attendant circumstances.

## PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

RICHARD & DEBORAH DAVIS
BY COUNSEL


BY: _____
        Benjamin M. Sheridan (# 11296)


EXHIBIT 1

Daniel K. Armstrong (#11520)
Mitchell Lee Klein (# 2071)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane. WV 25526
(304) 562-7111
Fax: (304) 562-7115

EXHIBIT 1

# FILED

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

2016 DEC 30  AM 10: 27

Richard & Deborah Davis,

        PLAINTIFFS,

L.E.HOOD
CIRCUIT COURT
CABELL CO. WV

**CIVIL ACTION NO. 16-C-112**

Capital One Bank (USA), National Association,
        DEFENDANT.

## CERTIFICATE OF SERVICE

I, Benjamin Sheridan, attorney for the Plaintiff, certify that I served a true copy of the foregoing *"Plaintiffs' Motion to Amend Complaint with Exhibit and Proposed Order"* **with Certificate of Service** on the Defendant, listed below by *first class postage* prepaid, *certified* where indicated on this 29th day of December, 2016 at:

Reid S. Manley
BURR & FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
*Counsel for Defendant*

Benjamin M. Sheridan (# 11296)
Klein & Sheridan, LC
Clyffeside Professional Building
3566 Teays Valley Rd
Hurricane, WV 25526
Phone: (304) 562-7111

# FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**Richard & Deborah Davis,**
**PLAINTIFFS,**

J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

**CIVIL ACTION NO. 16-C-112**

**Capital One Bank (USA), National Association,**
**DEFENDANT.**

### ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT

On a prior day came the Plaintiff, by counsel, and moved this Court for leave to amend his complaint. Finding no cause to deny the relief requested, the Court does hereby GRANT the Plaintiff's motion. The amended complaint attached as Exhibit 1, to the Plaintiff's' motion is hereby entered as First Amended Complaint.

WHEREFORE, it is ORDERED that the Plaintiff's motion to amend is GRANTED and the Plaintiff's First Amended Complaint and Demand for Jury Trial attached as Exhibit 1 is hereby entered.

ENTERED:

_____
Honorable Judge Paul T. Farrell

Prepared by:

_____
Benjamin M. Sheridan (# 11296)
Daniel Armstrong (#11520)
*Counsel for Plaintiffs*
Klein, Sheridan, & Glazer, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2017 JAN 18  PM 2: 42

**Richard & Deborah Davis**
**Plaintiff,**

~~WOOD~~
~~CIRCUIT CLERK~~
~~CABELL CO WV~~

**vs.**                                                                 **Case No.  16-C-112**

**Capital One Bank (USA), National Association A.K.A. Capital One A.K.A. Capital One,**
**National Association A.K.A. Capital One**
**Defendant.**

**SUMMONS**

To the above-named DEFENDANT:             Capital One, National Association
                                          A.K.A. Capital One
                                          1680 Capital One Drive
                                          McLean, VA 22102

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are

required to serve upon **Benjamin Sheridan, Plaintiff's attorney**, whose address is: **Klein &**

**Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV  25526,** an answer, including any

related counterclaim, or any other claim you may have to the complaint filed against you in the

above-styled civil action, a true copy of which is herewith delivered to you. You are required to

serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of

the date of service. If discovery is attached, you are further required to file a response to attached

discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

DATED: _Jan. 18_____, 2017

/s/ **JEFFREY E. HOOD**

Clerk of Court

FILED

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

2017 JAN 18 PM 12: 42

**Richard & Deborah Davis**
    **Plaintiff,**

**vs.**
                                  Case No.  16-C-112

**Capital One Bank (USA), National Association A.K.A. Capital One A.K.A. Capital One,**
**National Association A.K.A. Capital One**
        **Defendant.**

## SUMMONS

To the above-named DEFENDANT:        Capital One, National Association
                                        A.K.A. Capital One
                                        1680 Capital One Drive
                                        McLean, VA 22102

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are

required to serve upon **Benjamin Sheridan, Plaintiff's attorney**, whose address is: **Klein &**

**Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV  25526,** an answer, including any

related counterclaim, or any other claim you may have to the complaint filed against you in the

above-styled civil action, a true copy of which is herewith delivered to you. You are required to

serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of

the date of service. If discovery is attached, you are further required to file a response to attached

discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

/s/ JEFFREY E. HOOD

DATED: Jan 18 , 2017

Clerk of Court

FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2017 JAN 30   AM 10: 56

Richard & Deborah Davis
    Plaintiff,

J.E FOCD
CIRCUIT CLERK
CABELL CO, WV

vs.                         Case No. 16-C-912

Capital One Bank (USA), N.A., D.B.A. Capital One
D.B.A. Capital One, N.A., D.B.A. Capital One,
    Defendants.

### FIRST AMENDED COMPLAINT

1. The Plaintiffs, Richard & Deborah Davis, are residents of West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendants, Capital One, N.A. and Capital One Bank (USA), N.A. both D.B.A. as simply, "Capital One," are corporations having their principal offices in a state other than West Virginia and which do business in West Virginia.

4. The Defendants Capital One, N.A. and Capital One Bank (USA), N.A. both with the public and in their interactions with the Plaintiffs do business as just "Capital One" and represent themselves as just Capital One on their website, mailings, and other documentation to both the public and consumers.

5. The Defendants hereinafter are collectively referred to by the name of their joint venture, "Capital One" or simply as "Defendants."

6. The Defendants are debt collectors as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Wayne County, West Virginia.

7. After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendants, upon their account with Capital One, the Defendants began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

8. The Plaintiffs retained the undersigned counsel to represent Plaintiffs interest in connection with consumer indebtedness on which Plaintiffs had become in arrears.

9. Thereafter, the Plaintiffs mailed a letter to Capital One advising it that they had retained an attorney, and providing Capital One with the name, address, and telephone number of their attorney.

10. In the letter the Plaintiffs mailed Capital One, the Plaintiffs requested the Defendants stop calling the Plaintiffs and provided Capital One with the Plaintiffs' telephone numbers so the Defendants knew which numbers to stop calling.

11. The Plaintiff, in the letter, removed Capital One's authorization to call the Plaintiff.

12. Thereafter, Defendants continued to cause telephone calls to be placed to the Plaintiffs.

13. The Defendants maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendants' employee and notes or codes placed upon such record by the Defendants' employee.

14. Such records will reflect that the Defendants placed telephone calls to the Plaintiffs residential telephone number after it appeared that Plaintiffs were represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

**COUNT I**

### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

15. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

16. The Defendants has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendants stop calling the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    b. causing Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125;

    c. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128 by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

    d. failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs indebtedness in violation of *West Virginia Code* §46A-2-127.

17. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

18. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

19. The Plaintiffs are "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiffs are "natural persons."

20. The Defendants, Capital One Bank, NA, is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendants are a "limited partnership, trust association or corporation."

21. The Defendants, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* §61-3C-14a(a)(2).

22. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

23. The Defendants' actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

24. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

25. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

26. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

27. The Defendants made or caused to be made telephone calls to the Plaintiffs causing Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* §61-8-16(a)(3).

28. The Plaintiffs were injured by Defendants' violation of *West Virginia Code* §61-8-16(a)(3).  As Plaintiffs were injured by Defendants' violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

29. The Defendants' actions violated West Virginia Consumer Credit and Protection Act Chapter 46A as described in Count I above and therefore violate this statute as well.

30. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

31. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

32. Defendants negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

33. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

35. The following conduct of Defendants was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a.  Defendants placed telephone calls to Plaintiffs after Defendants knew that Plaintiffs were represented by an attorney in gross violation of the WVCCPA;

b.  Defendants has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendants;

c.  Insofar as Defendants' violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d.  Insofar as Defendants' conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

e.  Insofar as Defendants' conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

    f.   Insofar as Defendants' conduct constituted knowingly allowing a phone under Defendants' control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

36. As a result of the Defendants' actions, the Plaintiffs have suffered emotional distress.

37. As a result of the Defendants' actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

38. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

39. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs home.

40. The acts of the Defendants in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

41. As a result of the Defendants' actions, the Plaintiffs suffered emotional distress.

42. As a result of the Defendants' action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

43. The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

44. The Defendants used a predictive or otherwise automated dialer system to call the Plaintiffs.

45. The predictive dialer system resulted numerus calls being placed by the Defendants to the Plaintiffs' cell phones.

46. The Plaintiffs removed any consent that may have existed to call the Plaintiffs' cell phone by the act of Plaintiffs sending the Defendants a letter asking the Defendants to stop calling Plaintiffs.

47. Plaintiffs provided the Defendants with Plaintiffs' cell phone number in the letter so Defendants could identify specifically all numbers Defendants may no longer call.

48. As a result of the Defendants' actions, Defendants has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

    a.  Making calls to the Plaintiffs' cellular telephone by means of an automatic dialing system.

49. The Defendants' violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiffs repeatedly removed his consent to call his cell phone, and the Defendants ignored him.

50. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiffs demand from the Defendants:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiffs be awarded general damages for the Defendants' negligence as alleged in Count II of the Complaint;

e. $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f. $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g. The Plaintiffs be granted general damages and punitive damages for Defendants' conduct alleged in Count II, III, IV, and V;

h. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

RICHARD & DEBORAH DAVIS
BY COUNSEL

BY: _____
Benjamin M. Sheridan (# 11296)

Daniel K. Armstrong (#11520)
Mitchell Lee Klein (# 2071)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115

# FILED

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

2017 JAN 30 AM 10: 57

Richard & Deborah Davis
    Plaintiff,

J.E HOOD
CIRCUIT CLERK

vs.

Case No. 16-C-112

Capital One Bank (USA), N.A., D.B.A. Capital One
D.B.A. Capital One, N.A., D.B.A. Capital One,
    Defendants.

## NOTICE OF VIDEO DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE

PLEASE TAKE NOTICE that pursuant to Rule 30 of the West Virginia Rules of Civil Procedure, Richard & Deborah Davis, will take the video deposition of Defendant's corporate representative by telephone at the Defendant's corporate headquarters on a date and time to be agreed upon.

This deposition will be taken upon oral examination before an officer authorized to administer the appropriate oath, and will continue form day to day until completed. This deposition will be received by video, sound and stenographic means and will be used for all purposes authorized by law.

The corporate representative will testify to:

- Defendant's, policies and procedures on collections in West Virginia during the four years prior to the filing of this civil action;

- training of collections staff for debt collection in West Virginia during the four years prior to the filing of this civil action;

- debt collection techniques and systems, including computer systems used for debt collection in West Virginia used in the four years prior to the filing of this civil action;

- compliance with West Virginia and national debt collection laws as they were used in West Virginia debt collection in the four years prior to the filing of this civil action;

- knowledge of past litigation in West Virginia over the four years prior to the filing of this civil action involving debt collection abuse allegations; and

- the facts and substance of the case as they relate to the Defendant and as they are articulated in the complaint.


Richard & Deborah Davis
By Counsel


BY: _____
Benjamin Sheridan (WV Bar #11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**Richard & Deborah Davis**
    **Plaintiff,**

**vs.**                                           **Case No. 16-C-112**

**Capital One Bank (USA), National Association A.K.A. Capital One A.K.A. Capital One, National Association A.K.A. Capital One**
    **Defendant.**

### SUMMONS

To the above-named DEFENDANT:       Capital One, National Association
                                      A.K.A. Capital One
                                      1680 Capital One Drive
                                      McLean, VA 22102

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Benjamin Sheridan, Plaintiff's attorney,** whose address is: **Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of the date of service. If discovery is attached, you are further required to file a response to attached discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

/s/ JEFFREY E. HOOD

Clerk of Court

DATED: Jan 18 , 2017

# FILED

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

2017 JAN 30 AM 10: 57

Richard & Deborah Davis
    Plaintiff,

J.E WOOD
CIRCUIT CLERK
CABELL CO. WV

**Case No. 16-C-112**

vs.

Capital One Bank (USA), N.A., D.B.A. Capital One
D.B.A. Capital One, N.A., D.B.A. Capital One,
    Defendants.

## CERTIFICATE OF SERVICE

I, Benjamin Sheridan, attorney for the Plaintiff, certify that I served a true copy of the foregoing **Complaint, Summons, Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and Plaintiff's Notice Video Deposition** on the Defendant listed at the address(s) below by CABELL county clerk via the West Virginia Sectary of State as agent for service of process of an out-of-state corporation at the Defendant's address as listed below on this 26th day of _January_, 2017.

Capital One, National Association
A.K.A. Capital One
1680 Capital One Drive
McLean, VA 22102

BY: _____
Benjamin Sheridan (# 11296)
Counsel for Plaintiff
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

# FILED

2017 FEB -9  AM 9: 35

J.E. HOOD
CIRCUIT COURT
CABELL CO. WV



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
888-767-8683
**Visit us online:**
www.wvsos.com

Jeffrey E. Hood
Cabell County Courthouse
P. O. Box 545
Huntington, WV 25710-0545

Control Number: 149301

Defendant: CAPITAL ONE, NATIONAL
ASSOCIATION
1680 CAPITAL ONE DRIVE
MCLEAN, VA 22102 US

County: Cabell

Civil Action: 16-C-112

Certified Number: 92148901125134100001706263

Service Date: 2/2/2017

I am enclosing:

**1 other: (SUMMONS & FIRST AMENDED COMPLAINT)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

```
        Cabell County Circuit Clerk's Office              Page:    1
        750 5th Avenue
        Huntington, WV  25701

RECEIPT
NUMBER: 271883                                  January 30, 2017

Received of: Klein & Sheridan, LC

The exact sum of Five Dollars and 00 cents


Plaintiff: Richard & Deborah Davis c/o Klein & Sher
Defendant: Capital One Bank, (USA), N.A.

Case Number: CK-6-2016-C-112

Description                                             Amount
OTHER      CLERKFEE    Clerks Fees                        5.00
PAYMENT-CHECK (10169)                                    -5.00

                        Jeffrey E. Hood, Circuit Clerk

                        Deputy _____
                               Jennifer Shively
```

```
          Cabell County Circuit Clerk's Office          Page:     1
          750 5th Avenue
          Huntington, WV   25701

RECEIPT
NUMBER: 272713                               February 22, 2017

Received of:  Burr & Forman LLP

The exact sum of Seventy Two Dollars and 00 cents
```

| Description | Amount |
|---|---|
| OTHER      COPIES      Copies | 72.00 |
| PAYMENT-CHECK (433873) | -72.00 |

```
                          Jeffrey E. Hood, Circuit Clerk

                          Deputy _____
                                 Jennifer Shively
```

**BURR • • • FORMAN** LLP

*results matter*

Reid S. Manley
RManley@Burr.com
Direct Dial: (205) 458-5439
Direct Fax: (205) 244-5675

420 North 20th Street
SUITE 3400
Birmingham, AL 35203

_____

*Office* (205) 251-3000
*Fax* (205) 458-5100

BURR.COM

February 24, 2017

**VIA FEDEX**

Jeffrey E. Hood
Clerk of Court
Cabell County Courthouse
750 Fifth Avenue
Huntington, WV  25701

Re:   **Richard & Deborah Davis v. Capital One Bank (USA), National Association**
      **In the Circuit Court of Cabell County, West Virginia**
      **Civil Action No.: 16-C-112**

Dear Mr. Hood:

Enclosed please find the original and one (1) copy of Defendant Capital One Bank (USA) N.A.'s Answer and Defenses to Plaintiffs' First Amended Complaint in the above-captioned matter.  I would appreciate your filing this in the Circuit Court of Cabell County, West Virginia and returning a stamp-filed copy in the enclosed envelope.

Thank you for your attention to this matter.  If you have any questions, please do not hesitate to contact me.

Sincerely,

Reid S. Manley

RSM/jlr
Enclosures
cc:   Bejamin Sheridan

29204347 v1       ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

### IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**RICHARD & DEBORAH DAVIS,**

      **Plaintiffs,**

**v.**                                                    **Civil Action No.: 16-C-112**

**CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,**

      **Defendant.**

### ANSWER AND DEFENSES OF DEFENDANT
### CAPITAL ONE BANK (USA), N.A. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant Capital One Bank (USA), N.A. ("Defendant") and files its Answer and Defenses to Plaintiffs Richard Davis and Deborah Davis ("Plaintiffs") First Amended Complaint (the "Complaint")[1], stating as follows:

### ANSWER

In answering the Complaint, Defendant denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Defendant responds as follows:

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

2.     Defendant states that the allegations in Paragraph 2 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant states that the applicable statutes speak for themselves, and denies any inconsistent allegations. Defendant is

---

[1] Defendant was not aware that Plaintiffs' Motion to Amend Complaint was granted by this Court until February 21, 2017 as a copy of the Order was not forwarded to Defendant's undersigned counsel.

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

     3.     Defendant states that Capital One Bank (USA), N.A. and Capital One, N.A. are separate and distinct national banking associations with their principal place of business in Virginia. Defendant also admits that it does business in various locations throughout the United States, including West Virginia. To the extent the allegations contained in Paragraph 3 of the Complaint are intended to stand for additional propositions, Defendant denies the same and demands strict proof thereof.

     4.     Defendant denies the allegations in Paragraph 4 and demands strict proof thereof.

     5.     Defendant states that no response is required to Paragraph 5, however, if it is determined that a response is required, Defendant denies the same and demands strict proof thereof.

     6.     Defendant states that the allegations in Paragraph 6 state a legal conclusion to which no response is required. Defendant also states that W. Va. Code §§ 46A-2-122(d) and 46A-2-122(c) speak for themselves and are the best evidence thereof and, therefore, no response is required. To the extent the allegations contained in Paragraph 6 are intended to stand for any additional or inconsistent propositions, Defendant denies the same and demands strict proof thereof.

     7.     Defendant admits that Plaintiffs became in arrears on their credit card account(s) ending in -1928 and -2671 with Defendant. As to any other alleged accounts and/or remaining or inconsistent allegations contained in Paragraph 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of any such additional or inconsistent allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9.      Defendant admits that the letter referenced in Paragraph 9 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 9 are intended to stand for additional propositions, Defendant denies the same and demands strict proof thereof.

10.     Defendant admits that the letter referenced in Paragraph 10 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 10 are intended to stand for additional propositions, Defendant denies the same and demands strict proof thereof.

11.     Defendant admits that the letter referenced in Paragraph 11 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 11 are intended to stand for additional propositions, Defendant denies the same and demands strict proof thereof.

12.     Defendant denies the allegations in Paragraph 12 and demands strict proof thereof.

13.     Defendant admits that it maintains records of calls made to customers regarding their account(s) and that the records speak for themselves. To the extent the allegations contained in Paragraph 13 are intended to stand for additional propositions, Defendant denies the same and demands strict proof thereof.

14.     Defendant denies the allegations in Paragraph 14 and demands strict proof thereof.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

15.     Defendant incorporates its responses and defenses to Paragraphs 1-14 of the Complaint as if fully set forth herein.

16.    .Defendant denies the allegations in Paragraph 16, including subparts (a) through (d), and demands strict proof thereof.

17.    Defendant denies the allegations in Paragraph 17 and demands strict proof thereof.

## COUNT II

### *VIOLATION OF THE WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

18.    Defendant incorporates its responses and defenses to Paragraphs 1-17 of the Complaint as if fully set forth herein.

19.    Defendant states that the allegations in Paragraph 19 state a legal conclusion to which no response is required. Defendant also states that W. Va. Code § 61-3C-3(n) speaks for itself and is the best evidence thereof and, therefore, no response is required. To the extent the allegations contained in Paragraph 19 are intended to stand for any additional propositions, Defendant denies the same and demands strict proof thereof.

20.    Defendant states that the allegations in Paragraph 20 state a legal conclusion to which no response is required. Defendant also states that W. Va. Code § 61-3C-3(n) speaks for itself and is the best evidence thereof and, therefore, no response is required. To the extent the allegations contained in Paragraph 20 are intended to stand for any additional propositions, Defendant denies the same and demands strict proof thereof.

21.    Defendant denies the allegations in Paragraph 21 and demands strict proof thereof.

22.    Defendant denies the allegations in Paragraph 22 and demands strict proof thereof.

23.    Defendant denies the allegations in Paragraph 23 and demands strict proof thereof.

24.     Defendant admits that Plaintiffs purports to seek compensatory and punitive damages under West Virginia Code § 61-3C-16(a), but denies that Plaintiffs are entitled to such damages from Defendant and demands strict proof thereof.

25.     Defendant denies the allegations in Paragraph 25 and demands strict proof thereof.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

26.     Defendant incorporates its responses and defenses to Paragraphs 1-25 of the Complaint as if fully set forth herein.

27.     Defendant denies the allegations in Paragraph 27 and demands strict proof thereof.

28.     Defendant denies the allegations in Paragraph 28 and demands strict proof thereof.

29.     Defendant denies the allegations in Paragraph 29 and demands strict proof thereof.

30.     Defendant denies the allegations in Paragraph 30 and demands strict proof thereof.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

31.     Defendant incorporates its responses and defenses to Paragraphs 1-30 of the Complaint as if fully set forth herein.

32.     Defendant denies the allegations in Paragraph 32 and demands strict proof thereof.

33.    Defendant denies the allegations in Paragraph 33 and demands strict proof thereof.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

34.    Defendant incorporates its responses and defenses to Paragraphs 1-33 of the Complaint as if fully set forth herein.

35.    Defendant denies the allegations in Paragraph 35, including subparts (a) through (f), and demands strict proof thereof.

36.    Defendant denies the allegations in Paragraph 36 and demands strict proof thereof.

37.    Defendant denies the allegations in Paragraph 37 and demands strict proof thereof.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

38.    Defendant incorporates its responses and defenses to Paragraphs 1-37 of the Complaint as if fully set forth herein.

39.    Defendant states that the allegations in Paragraph 39 state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore, denies the same and demands strict proof thereof.

40.    Defendant denies the allegations in Paragraph 40 and demands strict proof thereof.

41.    Defendant denies the allegations in Paragraph 41 and demands strict proof thereof.

42.    Defendant denies the allegations in Paragraph 42 and demands strict proof thereof.

## Count VII[2]

### *Violations of the Telephone Consumer Protection Act*

43.    Defendant incorporates its responses and defenses to Paragraphs 1-42 of the Complaint as if fully set forth herein.

44.    Defendant states that the allegations contained in Paragraph 44 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

45.    Defendant states that it is unclear what Plaintiffs mean by use of the phrases "numerous," and "Plaintiffs' cell phones" as these phrases can have different meanings to different people. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied, and Defendant demands strict proof thereof.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint and demands strict proof thereof.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

48.    Defendant denies that it committed any wrongdoing. Defendant further denies the allegations contained in Paragraph 48, and its subpart, of the Complaint and demands strict proof thereof.

---

[2] Plaintiffs' Amended Complaint identifies this count as a second "Count VI", but Count VI is actually the count for alleged "Common Law Invasion of Privacy."

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint and demands strict proof thereof. Defendant further denies that Plaintiffs have experienced any injury or damage and demands strict proof thereof. Defendant further denies that Plaintiffs are entitled to any judgment, damages and/or relief from this Defendant and demands strict proof thereof.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof. Defendant further denies that Plaintiffs have experienced any injury or damage and demands strict proof thereof.

### DEMAND FOR RELIEF

1.     Defendant denies that Plaintiffs are entitled to any of the relief set forth in the Demand For Relief following Paragraph 50 of the Complaint, including the relief sought in subparagraphs (a) through (h).

2.     Defendant reserves the right to amend and supplement its Answer or assert additional responses and bring such other claims by way of counterclaim, or third-party claim or demand, as may be appropriate as additional facts become known.

### DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendant pleads the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

To the extent found applicable through discovery, Plaintiffs failed to mitigate their damages, if any.

### THIRD DEFENSE

Defendant asserts and relies upon the terms and provisions of any cardholder agreement(s) between Defendant and Plaintiffs.

## FOURTH DEFENSE

Defendant is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat Plaintiffs' recovery.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of recoupment.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable theories of estoppel, waiver, and laches.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by their own breaches of the cardholder agreement between Defendant and Plaintiffs.

## NINTH DEFENSE

To the extent found applicable through discovery, Plaintiffs' damages, if any, were caused by their own acts or omissions, or the acts or omissions of third parties other than Defendant for which Defendant is not independently liable.

## TENTH DEFENSE

Defendant affirmatively asserts that it has complied with all requirements of West Virginia and Federal law in its relationship and dealings with Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs failed to comply with all applicable conditions precedent to assert some or all of the claims in the Complaint or for recovery under those claims.

### TWELFTH DEFENSE

At all times, Defendant acted in good faith and without negligence, malice, willfulness, or intent to injure.

### THIRTEENTH DEFENSE

Plaintiffs' claims and causes of action against Defendant are barred because at all times, Defendant acted in good faith in conformity with all rules, regulations and interpretations of law relevant to Plaintiffs' claims.

### FOURTEENTH DEFENSE

Plaintiffs are not entitled to any of the damages they seek, including damages, interest, attorneys' fees, and costs.

### FIFTEENTH DEFENSE

Plaintiffs have not sustained any actual damages.

### SIXTEENTH DEFENSE

Plaintiffs' claim(s) for punitive damages violate, and therefore are barred by, the Fifth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds, separately and severally:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required by the Constitution in criminal case;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts; and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth Amendment and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and

(g)     An award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law as required under the Fifth and Fourteenth Amendments of the United States Constitution.

### SEVENTEENTH DEFENSE

Plaintiffs' claim(s) for punitive damages violate, and are therefore barred by, the provisions of the Constitution of the State of West Virginia, including but not limited to, Article III, Sections 4, 5, 6, and 10, on grounds including the following:

(a)    It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal case;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of any such award of punitive damages;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(f)    An award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

(g)    The procedures pursuant to which punitive damages are awarded would permit the imposition of an excessive fine and penalty.

### EIGHTEENTH DEFENSE

Defendant reserves the right to assert additional defenses that it learns through the course of discovery.

### NINETEENTH DEFENSE

The Telephone Consumer Protection Act does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his consent. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt. Defendant has received consent to make calls to the telephone number identified by Plaintiffs in their Complaint, whether through customer agreements, written, or verbal statements, or otherwise, and thus their claims are barred.

### TWENTIETH DEFENSE

Defendant incorporates by reference the foregoing allegations in its Affirmative Defenses. The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiffs. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that:

(1)    Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs; and

(2)    That Defendant recovers from Plaintiffs its expenses of litigation, including attorneys' fees.

Respectfully submitted this 24 day of February, 2017.


_____
Reid S. Manley (WV Bar No. 9598)
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Tel:  (205) 458-5439
Fax:  (205) 244-5675

Attorney for Capital One Bank (USA), N.A.

29175303 v1                                          14

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

RICHARD & DEBORAH DAVIS,

        Plaintiffs,

v.                                     **Civil Action No.: 16-C-112**

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,

        Defendant.

## CERTIFICATE OF SERVICE

    I, Reid S. Manley, counsel for Defendant Capital One Bank (USA), N.A., do hereby certify that a true and exact copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT CAPITAL ONE BANK (USA), N.A. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** has been served upon counsel of record via regular U.S. Mail, this 28 th day of February, 2017, and addressed to the following:

                  Benjamin Sheridan
                  Mitchell Lee Klein
                KLEIN & SHERIDAN LC
                3566 Teays Valley Road
                Hurricane, WV 25526

                        Reid S. Manley (WV Bar No. 9598)